JOHN H. BROOKS AND OTHERS, RESPONDENTS, *v.* THE AMERICAN EXPRESS COMPANY, APPELLANT.

*Packages sent C. O. D. — power of carrier to receive money conditionally — ratification of acts of — what constitutes.*

The plaintiffs, tailors residing at Syracuse, delivered to the defendant a suit of clothes, marked C. O. D., to be delivered to one S. at Oriskany Falls. The clothes were sent in pursuance of an agreement that they should be sent subject to inspection, and by which plaintiffs also warranted that they would fit, and agreed that if they did not, S. could return them. S. took the clothes from defendant, paid the amount due, $47, telling defendant's agent what they were and the agreement in regard to them, and instructing him to retain the money until he heard from him. The clothes did not fit, and S. took them to plaintiffs, at Syracuse, who promised to alter them and send them back, S. telling plaintiffs that he had deposited the money with the company, and that it was plaintiffs, as soon as the fit was satisfactory, but not otherwise. Plaintiffs sent the clothes again to S. who notified them that they still failed to fit, and afterwards, hearing nothing from them, returned the clothes to the company and took back his money. Plaintiffs brought this action against the company to recover the money, declining to take back the clothes.

*Held,* waiving the question whether or not defendant was authorized to receive the money conditionally and subsequently return it upon a breach of the condition, that in this case the acts of the plaintiffs, in altering the clothes and returning them to S., after he had told them the terms upon which he had deposited the money with the company, were a ratification of the act of the company in so receiving the money, and that plaintiffs were not entitled to recover.

APPPEAL from a judgment of the County Court of Onondaga county, entered upon a verdict in favor of the plaintiffs, directed by the court, and from an order denying a motion for a new trial made upon a case and exceptions.

*Irving G. Vann,* for the appellant.

*D. Pratt,* for the respondents.

TALCOTT, P. J.:

This is an appeal by the defendant from a judgment of the Onondaga County Court, in a cause originating in a justice's court, and appealed to the County Court for a new trial.

The plaintiffs were merchant tailors, at Syracuse. One Sargeant, residing at Oriskany Falls, made a bargain with plaintiffs for a suit of clothes for himself, to be sent to him by express, with the agreement that the clothes, when sent, were to be subject to inspection by Sargeant, and it was part of the bargain that the plaintiffs guaranteed that the clothes should be a fit. On the 4th of January, 1875, the plaintiffs delivered to the defendant, a common carrier between Syracuse and Oriskany Falls, a package containing the clothing, addressed, " S. A. Sargeant, Oriskany Falls, C. O. D.," and at the same time took a receipt from the agent of the defendant, in these words: " 1875. Jan. 4th. Clothing. C. O. D. $47. S. A. Sargeant, Oriskany Falls, Oneida county." Sargeant received the goods at Oriskany Falls, and at the same time handed to the defendant's agent forty-seven dollars, telling the agent that the package contained a suit of clothes, sent subject to inspection, and guaranteed to fit, and instructed him to retain the money until he heard from Sargeant. Sargeant tried on the clothes, and they did not fit, and then he personally carried them back to the plaintiffs, at Syracuse. The plaintiffs then requested Sargeant to try on the suit, which he did, when it was ascertained that the several garments fitted, except the pantaloons, which were too small. The plaintiffs ripped open the pantaloons, and undertook to alter them so as to make them fit, and promised, in the event of their not fitting, to send for more of the same description of cloth and make Sargeant

another pair. Sargeant then informed the plaintiffs that the money was at the express office, awaiting the plaintiffs' action; that he (Sargeant) had deposited it, subject to his order, and when the fit was made satisfactory, the money belonged to the plaintiffs; otherwise, not.

It does not appear that the plaintiffs made any objection. They received the clothes from Sargeant, retained them from three to five days, altered the pantaloons, and returned the suit a second time by the same express, but not marked C. O. D. Sargeant tried the suit on again, and still the pants did not fit. He immediately advised the plaintiffs of that fact by letter, to which he received no reply, and he wrote to them several times, but receiving no reply, and having waited nearly a month without receiving any reply or directions from the plaintiffs, he took the clothes back to the express company's office, withdrew his deposit of forty-seven dollars, and advised the plaintiffs that the goods were at the express office subject to their order. It was shown that the letters, "C. O. D.," were a direction to the express company to collect the sum named on delivery. Some of the facts mentioned in the foregoing narrative were proved, and others offered to be proved, by the defendant; but the evidence was rejected on objection, and the defendant's counsel excepted to the ruling. The express company was held liable for the price of the clothes (forty-seven dollars), with interest.

The express company duly notified the plaintiffs that the clothes were at their office, subject to their order; but the plaintiffs did not give any orders in regard to them. They were brought in on the trial, and tendered to the plaintiffs, who declined to receive them. The court held that the forty-seven dollars paid by Sargeant to the express company was received by it as the agent of the plaintiffs; that the company had no right to receive the money conditionally, and had no right to say they received the money conditionally; that the money, when deposited with the company, was the money of the plaintiffs. The plaintiffs made no demand of the money of the express company until after it had been returned to Sargeant, and some time after the clothes had been sent to Sargeant a second time.

Without reference to the question whether Sargeant had not a

right to countermand the money deposited with the express company, upon ascertaining that the clothes did not fit as warranted, by reason simply of the breach of the plaintiffs' warranty, before the express company had paid over to the plaintiffs the money deposited by Sargeant, we think the case shows a ratification by the plaintiffs of the act of the express company in receiving the money conditionally, and afterwards allowing it to be withdrawn by Sargeant on the breach of the condition that the clothes were warranted to fit.

In *Green* v. *Clark* (5 Denio, 497), the carrier agreed with the consignors to take a cargo of salt from Oswego to Lower Sandusky. It was consigned to the care of William Neil. The carrier delivered the salt to William Neil at Sandusky City, thirty miles from the place of consignment. After this the consignors wrote to William Neil stating that they had learned that the salt had been delivered to him at Sandusky City, and instructing him not to sell any of it, as they intended it for certain named parties. In delivering the opinion of the court in that case, BEARDSLEY, C.J., said: " The letter was written with full knowledge that the defendants (the carriers) had violated the contract by leaving the salt at Sandusky City, and were consequently liable to the owners for its value. Everything material as between the defendant and the owners was known to them when the letter was written. * * * Their violation of duty was in omitting to deliver the salt at Lower Sandusky, as they had agreed to do, and if the owners had thought proper to stand upon their rights, the defendants would have been liable for the full value of the salt. But the owners might ratify the act, unauthorized as it was, of leaving the salt at Sandusky City, and thus waive their right of action against the defendants, and I think this letter to Neil was a complete ratification of what had been done by them. Any act of the owners with knowledge indicating an intention to hold on to the salt at Sandusky City as their own, and, *therefore*, wholly inconsistent with the supposition that the defendants were to be held liable for their breach of duty, amounts to a positive ratification of what had been done without authority."

Here the plaintiffs had full notice that the express company had delivered the package, without requiring the unconditional

payment of the money it was instructed to collect on delivery. They made no objection, but proceeded to act as though the delivery of the clothes had been, in all respects, rightful and in pursuance of the rights of Sargeant to inspect the garments before he paid for them. They acquiesced in the claim of Sargeant, and went on, after notice of the terms on which the package had been delivered, and attempted to remedy the defect in the clothes so as to make them comply with the warranty. One of the plaintiffs, Miller, who made the bargain with Sargeant, admitted that he told Sargeant that when he shipped the goods to him he might try them on; that Sargeant said he wanted them shipped, subject to inspection, and he (Miller) had not any objection. The plaintiffs apparently recognized this as the contract under which the goods were shipped, and did not intimate that Sargeant was not right in inspecting the clothes, to see if they fitted, before paying the money for them unconditionally.

True, this communication was between Sargeant and the plaintiff, and not with the carrier. As in the case of *Green* v. *Clark* (*supra*), the communication, which was held to be a positive ratification of the mis-delivery by the carrier, was not to the carriers but to Neil, who was the consignee of the owners of the salt. A subsequent ratification by the principal of an authorized act, or omission of his agent, is equivalent to a prior authorization.

A small matter is sufficient to establish a ratification, and the acts of a principal are to be construed liberally in favor of his agent. If what was done without authority has been adopted in any manner, even for a moment, the principal cannot recede; but is conclusively bound. (Story on Agency, § 239–243; 4 Dunlap's Paley on Agency, 171–2.)

We think the acts of the plaintiffs, in receiving the clothes from Sargeant, without any objection to the manner of delivery, but with full knowledge on the subject, and assuming to make such alterations as were necessary to make them comply with the warranty, was a waiver of any claim to hold the express company liable for having delivered the package without exacting payment of the $47 unconditionally, and an admission that Sargeant had a right to have an inspection of the clothes before absolute payment; and that it was a ratification of the act of the agent of the

express company in delivering the package without the unconditional payment. We think, therefore, that the judgment should be reversed on this ground.

SMITH, J., concurred; HARDIN, J., not sitting.

Judgment and order reversed, and new trial ordered in the County Court, costs to abide the event.